# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

RICHA WILLIAMS,

    Plaintiff,

v.                                Case No.   3:21-cv-926-MMH-JBT

FOREMOST PROPERTY &
CASUALTY INSURANCE
COMPANY,

    Defendant.

## **O R D E R**

**THIS CAUSE** is before the Court on Defendant Foremost Property & Casualty Insurance Company's ("Foremost") Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, and Motion to Strike Plaintiff's Attorney's Fees (Doc. 14; Motion), filed on October 29, 2021. On November 2, 2021, Plaintiff Richa Williams ("Williams") filed Plaintiff's Response in Opposition to Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, and Motion to Strike Plaintiff's Attorney's Fees (Doc. 15; Response). Therefore, the Motion is ripe for review.[1]

---

[1] Pursuant to Rule 5.1(b), Federal Rules of Civil Procedure, and 28 U.S.C. § 2403(b), the Court certified that a challenge to the constitutionality of section 627.70152 of the Florida Statutes was at issue in this case, provided a copy of the certification to the Attorney General of Florida, and gave the Attorney General up to and including July 25, 2022, to intervene in this action.

## I. Background

Williams initiated this action in the Circuit Court of the Seventh Judicial Circuit, in and for, St. Johns County, Florida. See Defendant Foremost Property & Casualty Insurance Company's Petition for Removal (Doc. 1; Notice). In her Complaint for Breach of Contract and Demand for Jury Trial (Doc. 3; Complaint), Williams asserts a single breach of contract claim against Foremost. See generally id. Specifically, Williams alleges that Foremost issued a "contract of insurance, Policy No. 0663943453" (the "Policy") insuring her property located at 10325 Zigler Avenue, Hastings, Florida (the "Premises"). Id. at 2. While the Policy was in effect, on September 11, 2017, the Premises suffered damages caused by Hurricane Irma. Id. Williams requested that Foremost pay for the damages in accordance with the terms of the Policy, id., but Foremost "failed or refused to provide coverage under the insurance policy and has failed to pay promptly the amounts due." Id. at 3.

On September 15, 2021, Foremost filed the Notice, removing the case to this Court on the basis of diversity jurisdiction. See generally Notice. Shortly afterwards, Foremost filed the instant Motion in which it seeks dismissal of Williams's Complaint or entry of summary judgment in its favor, or alternatively, an order striking Williams's request for attorney's fees, all based

---

The deadline having passed without intervention, the Court turns now to the merits of the Motion.

upon the provisions of Florida Statute section 627.70152 ("Section 627.70152").[2] <u>See</u> <u>generally</u> Motion. Williams opposes the relief requested by Foremost arguing that Section 627.70152, which did not go into effect until July 1, 2021, cannot be retroactively applied to her claims under the Policy. <u>See</u> <u>generally</u> Response.

## II.   Florida Statute Section 627.70152

On June 11, 2021, Governor Ron DeSantis signed SB 76 into law with an effective date of July 1, 2021. SB 76 is a bill relating to property insurance contracts which, among other things, created Section 627.70152. <u>See</u> <u>generally</u> Ch. 2021-77, Laws of Florida; Fla. Stat. § 627.70152 (2022). The relevant portions of the statute for purposes of this litigation provide that "[a]s a condition precedent to filing a suit under a property insurance policy, a claimant must provide the department with written notice of intent to initiate litigation on a form provided by the department . . . at least 10 business days before filing" such a suit. Fla. Stat. § 627.70152(3). Additionally, Section 627.70152(5) instructs that "[a] court must dismiss without prejudice any claimant's suit relating to a claim for which a notice of intent to initiate litigation was not given

---

[2] Foremost originally filed a motion seeking this same relief on October 8, 2021. <u>See</u> Defendant Foremost Property & Casualty Insurance Company's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, and Motion to Strike Plaintiff's Attorney's Fees (Doc. 6). The Court struck this motion for failure to comply with various provisions of the Local Rules of the United States District Court for the Middle District of Florida, <u>see</u> Order (Doc. 8), but permitted Foremost to file a corrected motion, which is the Motion now before the Court.

as required[.]" Fla. Stat. § 627.70152(5). The statute also both limits the availability of attorney's fees in certain circumstances and alters the calculation of an award of attorney's fees. Fla. Stat. § 627.70152(8)(a). Finally, Section 627.70152(8)(b) provides that if a court dismisses a claim pursuant to Section 627.70152(5), the court may not later "award to the claimant any incurred attorney fees for services rendered before the dismissal of the suit." Fla. Stat. § 627.70152(8)(b).

### III. Arguments of the Parties

In the Motion, Foremost seeks dismissal or entry of summary judgment in its favor because Williams failed to comply with the pre-suit notification requirements of Section 627.70152(3), and alternatively, seeks to strike Williams's request for attorney's fees based upon the application of the attorney fee provision in subsection (8) of Section 627.70152. See generally Motion. Despite the fact the Policy was issued prior to the effective date of Section 627.70152, Foremost argues that it can, and should, be applied retroactively. Id. at 7-21. Foremost supports its contention first by asserting the statutory language, statutory purpose, and legislative history of Section 627.70152 reflect a clear legislative intent for the retroactive application of the law. Id. at 8-15. Second, Foremost argues that its retroactive application does not violate constitutional principles, because it does not substantively affect the rights of the insured. Id. at 15-19. Alternatively, should the Court disagree that

dismissal or entry of summary judgment is warranted, Foremost contends the Court must strike Williams's request for attorney's fees as a matter of law pursuant to Section 627.70152 since Williams did not provide a pre-suit demand. Id. at 21. According to Foremost, for this reason, "there is no reasonable basis for a calculation of attorney's fees, other than zero" under section 627.70152(8)(a). Id. at 22.

In her Response, Williams contends that the Florida Supreme Court's decision in Menendez v. Progressive Express Insurance Co., Inc., 35 So. 3d 873 (Fla. 2010) forecloses Foremost's attempt to have this newly enacted statute apply retroactively to her claim under the Policy. See Response at 2-7. She argues that, in Menendez, the court declined to permit application of the requirements of a statute governing automobile insurance policy claims which was enacted subsequent to the issuance of the subject policy. Id. at 2-4. She notes that the court concluded that the change in law effected by the new statute, which included a pre-suit notice requirement and limited the recovery of attorney's fees, was substantive and could not be applied retroactively. Id. at 4-5. According to Williams, the same is true of Section 627.70152 and, thus, the analysis of the Menendez decision controls. Id. at 3. In sum, Williams contends that, regardless of the clarity of the legislative intent with respect to retroactive application, allowing the application of Section 627.70152 to her claims under the Policy would violate constitutional principles because the "additional

requirements, obligations, [and] limitations" created by the statute affect her substantive rights. Id. at 4-7.

## IV. Discussion

The resolution of the Motion depends entirely on whether Section 627.70152, which was enacted after the issuance of the Policy, can be applied retroactively to Williams's claim in this case. If it can be, then the Motion would be granted such that Williams's Complaint would be dismissed, even if only without prejudice, and she would not be entitled to an award of attorney's fees. If, on the other hand, application of Section 627.70152 is not constitutionally permissible, then the Motion would be denied. See Menendez, 35 So. 3d at 877 (noting that because the statute was enacted after the issuance of the policy, it could be applied retroactively only if the legislature expressed a clear intention for retroactive application and such application would not violate constitutional norms).

Florida law recognizes a presumption against the retroactive application of a statute that affects substantive rights. Arrow Air, Inc. v. Walsh, 645 So. 2d 422, 424 (Fla. 1994). To rebut the presumption: (1) the legislation must express a clear intent that it apply retroactively, and (2) the retroactive application must be constitutionally permissible. Metro Dade Cty. v. Chase Fed. Hous. Corp., 737 So. 2d 494, 499 (Fla. 1999). Notably, retroactive application is not always constitutionally improper, but it is impermissible in

cases where "vested rights are adversely affected or destroyed or when a new obligation or duty is created or imposed, or an additional disability is established, . . ." McCord v. Smith, 43 So. 2d 704, 708-09 (Fla. 1949); see also Metro Dade Cty., 737 So. 2d at 503 ("due process considerations prevent a State from retroactively abolishing vested rights"). For purposes of this Order, the Court assumes that the legislature clearly intended Section 627.70152 to apply retroactively. Thus, here as in Menendez, "the central focus of this Court's inquiry is whether retroactive application of the statute 'attaches new legal consequences to events completed before its enactment.'" Menendez, 35 So. 3d at 877 (quoting Metro Dade Cty., 737 So. 2d at 499).

In Menendez, the Florida Supreme Court rejected an attempt to retroactively apply a newly enacted statute, which included a pre-suit notice requirement, altered the timing payment must be made to an insured, and restricted the availability of attorney's fees, to a claim under an insurance policy issued before its enactment. Id. at 877-880. The court reasoned that, although the legislature intended retroactive application, such application was impermissible due to the substantive nature of the changes made by the statute. Id. at 880. Indeed, the court specifically noted that even where the legislature intends to permit retroactive application, it "will reject such an application if the statute . . . creates a new obligation or imposes a new penalty." Id. at 877. In declining to apply the new statute retroactively, the

court identified four provisions of the statute as being problematic: "those which (1) impose a penalty, (2) implicate attorneys' fees, (3) grant an insurer additional time to pay benefits, and (4) delay the insured's right to institute a cause of action." Id. at 878. Amongst the problematic provisions of the new statute were the pre-suit notice requirement and its effect, as well as the limitation on the recovery of attorney's fees. Id. at 878-89. The effects of the new statute discussed in Menendez appear to be sufficiently similar to the effects of the provisions of Section 627.70152 such that the Menendez decision would be instructive.

The Court recognizes, however, the existence of competing authority as to whether retroactive application of Section 627.70152 is permissible in light of Menendez. Some courts interpret Menendez as supporting a conclusion that retroactive application of Section 627.70152 is constitutionally impermissible. See Dozois v. Hartford Ins. Co. of the Midwest, 3:21-CV-951-TJC-PDB, 2022 WL 952734, at *2 (M.D. Fla. Mar. 30, 2022);[3] Widows, et al. v. Homeowners Choice Prop. & Cas. Ins., No. CACE21014834 (Fla. 17th Cir. Ct. Oct. 25, 2021); SFR Servs., L.L.C. v. Am. Integrity Ins. Co. of Fla., No. 2020-CA-005940 (Fla.

---

[3] The Court recognizes that decisions of other district courts are not binding; nevertheless, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects."). Here, the Court cites the Dozois opinion because, as discussed infra, the Court finds it persuasive.

20th Cir. Ct. December 16, 2020).⁴ Others distinguish the provisions of Section 627.70152 from those at issue in Menendez and find that Section 627.70152 can be applied retroactively. See Art Deco 1924 Inc. v. Scottsdale Ins. Co., 21-62212-CIV, 2022 WL 706708, at *2 (S.D. Fla. Mar. 9, 2022); Jerome v. Homeowners Choice Prop. & Cas. Insur. Co., No. 50-2021-CA-9628 (Fla. 15th Cir. Ct. Oct. 20, 2021).

Upon review of the relevant authority, this Court is persuaded by the reasoning in Dozois, 2022 WL 952734. The Dozois court, taking a holistic view of Section 627.70152, analyzed its effect on the rights of the insured, and determined that a retroactive application of the provisions of Section 627.70152 would raise problems similar to those dispositive in Menendez. Id. at *3. In doing so, the court first found "[Section] 627.70152 imposes a penalty on insureds that do not file a pre-suit notice: the case is dismissed without prejudice and the claimant is precluded from an award of attorneys' fees for any services rendered before the dismissal." Id. at *2 (citing § 627.70152(5), (8)(b)). Second, the court noted that subsection (4) of the statute provides insurers with additional time to accept coverage." Id. (citing Menendez, 35 So. 3d at 878). Relying on the guidance of Menendez and viewing the statutory requirements and effect of Section 627.70152 as a whole, the court determined

---

⁴ It appears that Florida's Second District Court of Appeals has endorsed this view as well, albeit without any discussion. See Sec. First Ins. Co. v. Peyton, No. 2D21-3607, 2021 WL 8531697, at *1 (Fla. 2d DCA 2021).

that even "assuming the Legislature intended [Section] 627.70152 to apply retroactively, [Section] 627.70152(3) and its associated provisions are substantive. Section 627.70152's pre-suit notice requirement imposes new duties, obligations, and penalties; therefore, it does not apply retroactively to Plaintiffs' policy, which was executed before the statute went into effect." Id. at *3.[5] This Court finds the reasoning of Dozois and its "holistic view of the provision at issue," id., to be the more persuasive analysis of whether retroactive application of Section 627.70152 is permissible. As such, for the reasons discussed in Dozois, the Court concludes that Section 627.70152 affects substantive rights by imposing new duties, obligations and penalties and cannot be applied retroactively to Williams's claim under the Policy. Therefore, the Motion is due to be denied.[6]

In light of the foregoing, it is

**ORDERED**:

---

[5] The court distinguished cases allowing retroactive application which analyzed the pre-suit notice requirement alone citing to the Menendez court's consideration of the statute "when viewed as a whole." Id. (quoting Menendez, 35 So. 3d at 879).

[6] The Motion for Summary Judgment is inappropriate regardless of whether Section 627.70152 can be applied retroactively. Section 627.70152 requires a dismissal without prejudice when the required written notice of intent to initiate litigation is not provided. Not only is summary judgment not required by the statute, but granting summary judgment would preclude Williams from bringing her claim again in the future - a result which is much more significant than that prescribed. Additionally, to the extent Foremost argues that the request for attorney fees should be stricken, this request depends entirely on the retroactive application of the statute. Thus, this request, too, is due to be denied.

Defendant Foremost Property & Casualty Insurance Company's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, and Motion to Strike Plaintiff's Attorney's Fees (Doc. 14) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida this 5th day of August 2022.

MARCIA MORALES HOWARD
United States District Judge

i54

Copies to:

Counsel of Record